FORM TO BE USED BY A STATE PRISONER IN FILING A COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983 OR BY A FEDERAL PRISONER IN FILING A BIVENS CLAIM.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

NO. 5:06-0225
(leave this space blank)



FILED
MAR 27 2006
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

Byron Joseph Knox
_____
(enter full name of plaintiff(s))

versus

Prison Number 13713-058

Warden Joyce K. Conley

FCI Beckley

P.O. Box 1280

Beaver, WV 25813
(enter full name of defendant(s))

********************************************************

I. HAVE YOU BEGUN OTHER LAWSUITS IN FEDERAL COURT DEALING WITH THE SAME FACTS INVOLVED IN THIS ACTION? Yes ( ) No (X)

If your answer is YES, describe the former lawsuit in the space provided below:

N/A

II. DID YOU PRESENT THE FACTS RELATING TO YOUR COMPLAINT TO THE STATE INMATE GRIEVANCE PROCEDURE? YES (X) NO ( )

If your answer is YES:

1. What steps did you take? Filed 8, 9, 10, & 11 at each institution; eventually, relief was granted.

2. What was the result? (Attach copies of grievances or other supporting documentation.)

Central Office, in 2005, stated that the surgery which was prescribed should be given.

III. PARTIES   In Item "A" below place your name in the first blank and your present address in the second blank. Do the same for additional plaintiffs, if any.

A. Name of Plaintiff   Byron Joseph Knox

Name and Address of Present Confinement   Low Security Correctional Institution, Butner, North Carolina, 27509-0999

In Item "B" below place the full name of defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item "C" for the name, position, and place of employment for any additional defendants.

B. Defendant   Joyce K. Conley   is employed as a   Warden   at   FCI Beckley

C. Additional Defendants   N/A

IV. STATEMENT OF CLAIM

State here as briefly as possible the FACTS of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. DO NOT GIVE ANY LEGAL CITATIONS OR ANY LEGAL ARGUMENTS OR CITE ANY STATUTES. If you wish to allege a number of related claims, number and set forth each claim in a SEPARATE paragraph. Use as much space as you need. Attach extra sheets if necessary.

I made a complaint to medical regarding excruciating pain in my feet. My feet were examined, and a diagnosis was made. Corrective shoes were prescribed, and surgery was recommended as "necessary" treatment. The Defendant did not provide either the corrective shoes or the surgery, and was deliberately indifferent to my serious medical needs.

V. RELIEF SOUGHT BY PRISONER

State briefly exactly what you want the Court to do for you. MAKE NO LEGAL ARGUMENTS. DO NOT CITE CASES OR STATUTES.

I am seeking $250,000.00 in nominal damages and $1,750,000.00 in punitive damages, and lifetime medical care at the expense of the defendant for the violation of my Eighth Amendment rights.

Signed this _20_ day of ~~December~~ February, XB 2006

_____
Signature of Plaintiff

_____
Signature of other Plaintiffs
(if necessary)

I declare under penalty of perjury that the foregoing is true and correct.

_February 20, 2006_
Date

_____
Signature of Plaintiff

_____
Signature of other Plaintiffs
(if necessary)

In The United States District Court
For The Eastern District Of North Carolina
Raleigh Division


Case No. _____


Byron Knox,
Petitioner,

v.

Warden Joyce K. Conley,
Respondent.

---

**Memorandum Of Law In Support Of Motion For Relief
Pursuant To 42 U.S.C. §1983**

---

Byron Joseph Knox, PRO SE
Reg. No. 13713-058   Durham-A
Low Security Correctional Institution
P.O. Box 999
Butner, NC 27509-0999

## Table Of Contents

|  |  |  |
|---|---|---|
|  | Table Of Authorities | ii |
| I. | Introduction | 1 |
| II. | Authority | 1 |
| III. | Facts Of The Case | 2 |
| IV. | Timeliness | 3 |
| V. | Argument | 3 |
| VI. | Qualified Immunity | 8 |
| VII. | Relief Sought | 10 |

## Table Of Authorities

Anderson v. Creighton, 483 U.S. 635, 97 L.Ed.2d 523,

    107 S.Ct. 3034 (1987) . . . . . . . . . . . . 8

Bivens v. Six Unknown Named Agents Of The Federal Bureau Of Narcotics,

    403 U.S. 388, 29 L.Ed.2d 619, 91 S.Ct. 1999 (1971) . . 9, 10, 11

Boretti v. Wiscomb, 930 F.2d 1150 (6th Cir. 1991) . . . . . . 6

Brown v. Hughes, 894 F.2d 1533 (11th Cir. 1990) . . . . . . 4

Carey v. Piphus, 435 U.S. 247, 55 L.Ed.2d 252,

    98 S.Ct. 1042 (1978) . . . . . . . . . . . . 11

Estelle v. Gamble, 429 U.S. 97, 50 L.Ed.2d,

    97 S.Ct. 285 (1976) . . . . . . . . . . . 4, 5, 9

Harlow v. Fitzgerald, 457 U.S. 800, 73 L.Ed.2d 396,

    102 S.Ct. 2727 (1982) . . . . . . . . . . . 8, 9

Hemmings v. Gorcyzk, 134 F.3d 104 (2nd Cir. 1998) . . . . . 6

Johnson v. Bowers, 884 F.2d 1053 (8th Cir. 1989) . . . . . 7

Malley v. Briggs, 475 U.S. 335, 89 L.Ed.2d 271,

    106 S.Ct. 1092 (1986) . . . . . . . . . . . . 8

Rodriguez Narvaez v. Nazario, 895 F.2d 38, 41 n. 5 (1st Cir. 1990) . 3

Roman v. Koehler, 775 F.Supp. 695 (S.D. N.Y. 1991) . . . . . 5

Rosen v. Chang, 758 F.Supp. 799 (D. R.I. 1991) . . . . . . 4

Solomon v. Dylon, 724 F.Supp. 1193 (E.D. N.C. 1989) . . . . . 5

### Statutes

42 U.S.C. §1983 . . . . . . . . . . . . . . 1, 11

### Constitutional Provisions

Eighth Amendment . . . . . . . . . . . . . passim

In The United States District Court
For The Eastern District Of North Carolina
Raleigh Division

Byron Knox, )
    Petitioner, )
     )
v. ) Case No. _____
     )
Warden Joyce K. Conley, )
    Respondent. )
_____/

### Memorandum Of Law In Support Of Motion For Relief Pursuant To 42 U.S.C. §1983

**COMES NOW** the Petitioner, Byron Knox, PRO SE, and respectfully presents his Memorandum Of Law In Support Of Motion For Relief Pursuant To 42 U.S.C. §1983 in the above-captioned matter. The Petitioner brings suit against the Respondent in both her personal and professional capacity.

### I. Introduction

The Petitioner has averred a violation of his Eight Amendment rights, and thus enters his claim for relief pursuant to 42 U.S.C. §1983. Pursuant to this authority, the Petitioner seeks both nominal damages and compensatory damages in regard to the Respondent's conduct in the Instant Case.

### II. Authority

The Petitioner has brought suit pursuant to 42 U.S.C. §1983. §1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be

1

subjected, any citizen of the United States or other person within the jurisdiciton thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution andd laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

### III. Facts Of The Case

On or about October 8, 1999, while he was incarcerated at the Federal Prison in Beckley, W.V., the Petitioner was diagnosed as having **bunions, pes planus** with **allux varus** and **valgus deviation** in all toes by Doctor Robert O. Bateman. The prescribed treatment for this condition was surgery. However, even though surgery and corrective shoes were the recommended treatments, the Petitioner received neither. In point of fact, he was required to wear steel toe boots at the Respondent's facility for a period of **18+** months.

After pursuing Administrative Remedies against the Respondent and others, the Petitioner has finally obtained relief - the Bureau of Prisons' Central Office has admitted that the Petitioner should have corrective surgery. This fact, combined with the fact that the Petitioner has finally received corrective shoes to wear until such time as the surgery can occur, is indicative of the lact of action on the part of the Respondent.

It is this lack of action - which should be categorized as deliberate indifference - which is the subject of the Instant Motion. For the reasons and authorities that follow, the Petitioner avers that relief is due in the form of money damages. To that end, the Petitioner seeks nominal damages in the amount of **$250,000.00** and compensatory damages in the amount of **$1,750,000.00**. The Petitioner also seeks lifetime medical care at the Respondent's expense.

2

## IV. Timeliness

Under Federal law, the limitations period begins to run when the Petitioner "knows or has reason to know of the injury which is the basis for his claim." Rodriguez Navaez v. Nazario, 895 F.2d 38, 41 n. 5 (1st Cir. 1990). Here, the Petitioner has coninuously sought relief since after he was diagnosed in 1999, when it became apparent to him that prison officials were not going to give him the surgery which was necessary nor grant him corrective shoes.

Although the Petitioner continuously and arduously pursued his claims in the Administrative Remedy forum of each institution he was housed in, it was not until October 4, 2005, when he sought relief from the Central Office, that the Petitioner actually received confirmation that his claim was supportable against the Respondent.

Prior to October 4, 2005, the denials of the Administrative Remedy would not have supported the Petitioner's claim against the Respondent. Thus, the statute of limitations begins from October 4, 2005, the date on which the Petitioner knew, with certainty (backed up by evidence) that his injury was indeed the basis for a valid §1983 claim.

## V. Argument

When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment's proscription against cruel and unusual punishment imposes duty to provide reasonable protection. Prison officials must have ben deliberately indifferent to a known danger before it can be said that "their

3

failure to intervene offended 'evolving standards of decency,' thereby rising to the level of a Constitutional tort." Brown v. Hughes, 894 F.2d 1533 (11th Cir. 1990).

Additionally, "deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment because denying or delaying medical treatment is tantamount to 'unnecessary and wanton infliciton of pain.'" Estelle v. Gamble, 429 U.S. 97, 50 L.Ed.2d, 97 S.Ct. 285 (1976) ("...deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id.

A "failure to treat inmate's medical complaint rises to level of Constitutional deprivation only when Defendant is deliberately indifferent, a standard which includes only wanton infliction of unnecessary pain, and not mere accident, or inadvertence." Rosen v. Chang, 758 F.Supp. 799 (D. R.I. 1991). In the Instant Case, the Respondent was aware of the Petitioner's medical problem, which caused constant, excruciating pain. The Respondent was also aware of the Doctor's evaluation of that problem, and the prescription of corrective shoes until surgery could take place.

4

However, the Respondent never provided proper corrective shoes, nor took any steps to see that the surgery which was necessary was performed. This is deliberate indifference, because denying or delaying medical treatment is tantamount to "unnecessary and wanton infliction of pain." <u>Estelle</u>, supra.

In order to state a claim of inadequate medical care against prison officials, a plaintiff must allege that his access to physicians for necessary medical care was unreasonably delayed or denied, or the prescribed medical treatment was not administered. <u>Roman v. Koehler</u>, 775 F.Supp. 695 (S.D. N.Y. 1991). It has been over six years since the initial diagnosis by Doctor Bateman. The Respondent took no action whatsoever. The Petitioner has been transferred to several institutions since the diagnosis was made in 1999, and each facility has neglected to take corrective action within a reasonable period of time.

Likewise, it is clear that a prisoner may prove a §1983 claim for cruel and unusual punishment under the Eighth Amendment if he demonstrates that prison officials have been deliberately indifferent to serious medical needs, or that prison officials knowingly compelled him to do work which (1) caused undue pain; or (2) endangered the prisoner's life or health; or (3) exceeded prisoner's physical capacity. <u>Solomon v. Dylon</u>, 724 F.Supp. 1193 (E.D. N.C. 1989). The Petitioner has been placed in food service three (3) times since Doctor Bateman's diagnosis.

This work that the Petitioner was assigned to endangered his health for several reasons. First, food service is a department which requires wearing steel-toe boots, which only exacerbates the Petitioner's excruciating foot

5

pain. Second, if the Petitioner were to wear non-steel toe boots, he would be exposed to the possibility of heavy equipment falling on or running over his feet - a situation which has occurred at LSCI Butner, NC, which is the subject of Administrative Remedy currently under review.

But while the Respondent is not responsible for the Petitioner's placement in food service at LSCI Butner, the Respondent **is** responsible for assigning him to work which exceeded his physical capacity, and for failing to address the Petitioner's serious medical need.

There have been several cases where prisoners like the Petitioner have been diagnosed with a medical condition only to have prison officials steadfastly ignore that condition thereafter. In <u>Boretti v. Wiscomb</u>, 930 F.2d 1150 (6th Cir. 1991), a prisoner filed a PRO SE §1983 suit against prison nurse for failing to prescribe medical treatment per the instructions of the hospital from which he was discharged after sustaining a gunshot wound to his leg. The Sixth Circuit Court Of Appeals held that the nurse's refusal to treat his surgical wound or provide dressings or pain medication for five days constituted deliberate indifference to serious medical needs, and therefore violated the Eighth Amendment right to be free from cruel and unusual punishment.

In <u>Hemmings v. Gorcyzk</u>, 134 F.3d 104 (2nd Cir. 1998), a prisoner stated a claim warranting further development where he alleged that the Defendants willfully disregared his condition, which was easily observable, and that he

complained about his condition for two months before being referred to a specialist who expressed shock at the prison medical staff's failure to diagnose and treat the injury.

In Johnson v. Bowers, 884 F.2d 1053 (8th Cir. 1989), the Court held that "[the] nine-year delay since the original recommendation of surgery, including the year that has elapsed since Trial, suggests that (the prison) has exhibited deliberate indifference to [the Defendant's] medical needs." This is right in line with what has occurred in the Instant Case.

In Johnson, the excuse the prison officials gave was that the hospital, not the prison, decided when the prisoner would undergo surgery. This excuse was not accepted by the Appellate Court, which stated that "the hospital's gratuitous classification of [the Defendant's] surgery as 'elective,' however, does not abrogate the prison's duty, or power, to promptly provide necessary medical treatment. ... The responsibility for securing medical care for prisoner's needs rests with the prison authorities, not with some outside medical facility." Id.

In the Instant Case, the Respondent took no action whatsoever to ensure that the Petitioner received the surgery which was necessary to prevent further pain. Likewise, the Respondent ignored the Doctor's prescription for corrective shoes, and provided none. The lack of corrective shoes has further exacerbated the Petitioner's condition. The long period of time during which the Petitioner resided at the Respondent's facility without receiving treatment (3½ years+) indicates a willful disregard of the petitioner's medical condition.

7

Not only is the Respondent's lack of action in the Instant Case indicative of deliberate indifference, the Petitioner avers that such lack of action actually violated his rights under the Eighth Amendment's proscription against cruel and unusual punishment.

## VI. Qualified Immunity

Inherent in every determination that a Governmental Official is not entitled to qualified immunity is the legal determination that, viewed in the light most favorable to the nonmoving party, the official's conduct violated a clearly established Constitutional or statutory right. See Anderson v. Creighton, 483 U.S. 635, 97 L.Ed.2d 523, 107 S.Ct. 3034 (1987).

Government officials performing discretionary functions are entitled to qualified immunity from liability for civil damages to the extent that "their conduct does not violate clearly established statutory or Constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 73 L.Ed.2d 396, 102 S.Ct. 2727 (1982). See also, e.g., Malley v. Briggs, 475 U.S. 335, 89 L.Ed.2d 271, 106 S.Ct. 1092 (1986) (Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law.") Thus, this Honorable Court must inquire whether the established contours of the Eighth Amendment were sufficiently clear at the time of the Respondent's lack of actions to make it plain to them that their actions under these particular circumstances violated the Petitioner's rights.

8

As explained above, in <u>Estelle</u>, the Supreme Court made it abundantly clear that the Eighth Amendment, applicable to the States through the Fourteenth Amendment's Due Process Clause, requires the State to provide **adequate** medical care to prisoners where a failure to do so would amount to deliberate indifference to serious medical needs.

The Respondent provided no care whatsoever. Following the diagnosis of the Petitioner's serious medical condition, he was put on the back shelf, as it were, and allowed to remain in the same condition for a period of 3½ years+. This failure to provide adequate medical care comes squarely in line with a violation of the Eight Amendment protections outlined in <u>Estelle</u>. Therefore, since <u>Estelle</u> was decided in 1976, the holdings of that case regarding the Eighth Amendment as applied to medical care provides the definition of those "clearly established statutory or Constitutional rights of which a reasonable person would have known." <u>Harlow</u>, supra.

Since a **reasonable person** would have known that failing to provide corrective shoes and that failing to provide prescribed, necessary surgery would cause an "unnecessary and wanton infliction of pain," <u>Estelle</u>, supra, and that such flagrant disregard of a qualified medical official's diagnosis would violate the standards of care required of prison officials, it is clear that the Respondent cannot be due qualified immunity.

Therefore, the Petitioner avers that any claim of qualified immunity by the Respondent must be disregarded as disingenuous and unsupportable under the law. The Petitioner's claim under <u>Bivens v. Six Unknown Named Agents of the</u>

9

Federal bureau of Narcotics, 405 U.S. 388, 29 L.Ed.2d 619, 91 S.Ct. 1999 (1971) must go forward.

### VII. Relief Sought

In Bivens, supra, the Supreme Court held that the victim of an unconstitutional search by Federal Officers could recover damages from the officers in an action based directly on the Fourth Amendment. Other Courts have held that, on the authority of Bivens, damages may be recovered from Federal representatives on Eighth Amendment violations.

Although Bivens does not speak directly to the availability of damage remedies derived from other Constitutional rights, there would seem to be no principled basis for limiting Bivens to the Fourth Amendment. Bivens teaches that, at least where there are no special factors counseling hesitation, Federal Courts may grant traditional damage remedies, as well as equitable relief, to persons whose Constitutional rights have been violated. 403 U.S. at 395-97, 29 L.Ed.2d 619, 91 S.Ct. 1999.

Bivens indicated that such special factors might be present where a remedy might implicate questions of Federal fiscal policy or where there was an "explicit Congressional declaration that persons injured by a Federal Officer's violation of the Fourth Amendment may not recover money damages from the Agents, but must instead be remitted to another remedy, equally effective in the view of Congress." 403 U.S. at 397, 91 S.Ct. at 2005. Another factor might be whether the injury caused by the Constitutional deprivation is one for

10

which monetary compensation would normally be appropriate. 403 U.S. at 408-09, 29 L.Ed.2d 619, 91 S.Ct. 1999 (Harlan, J., concurring).

In the Instant Case, the law clearly supports the recovery of monetary damages. 42 U.S.C. §1983 was created for just this type of claim. Likewise, Bivens itself forms the basis of seeking monetary damages. The Petitioner has averred the deprivation of his rights under the Constitution. Like relief for a Fourth Amendment violation, the relief specified under §1983 and under Bivens is available for a violation of the Eighth Amendment.

**Nominal damages** are designed to vindicate legal rights "without proof of actual injury." Carey v. Piphus, 435 U.S. 247, 55 L.Ed.2d 252, 98 S.Ct. 1042 (1978). To recover **compensatory damages**, the Petitioner must offer proof of actual injuries. The Petitioner has done so; the fact that the Respondent did not provide corrective shoes for a period of **3½ years+** caused the Petitioner's condition to worsen. Likewise, the fact that the petitioner was required to work in positions beyond his physical ability and which themselves endangered his health worked to the Petitioner's actual harm.

The Petitioner has shown that there are catual injuries requiring payment of **compensatory damages**. The Petitioner also avers that the Administrative Remedy process and denial of his rights has been such that it has caused him great emotional distress, requiring payment of **nominal damages**. Therefore, the Petitioner seeks **$250,000.00** (two hundred fifty thousand dollars and 0/00 cents) in **nominal** damages and **$1,750,000.00** (one million, seven hundred fifty thousand dollars and 0/00 cents) in **compensatory** damages. The Petitioner also

11

seeks lifetime medical care at the Respondent's expense. As stated above, the Petitioner has sought suit against the Respondent in both his personal and professional capacity.

### VIII. Conclusion

The Petitioner's Eighth Amendment rights have been flagrantly violated and abrogated by the inactions of the Respondent. This Constitutional violation cannot go unredressed. The provisions of 42 U.S.C. §1983 and the holdings of Bivens, supra, demonstrate that the Petitioner can indeed obtain the monetary relief he seeks against the Respondent.

**WHEREFORE:** For all the foregoing reasons and authorities, the Petitioner, Byron Knox, PRO SE, respectfully urges this Honorable Court to issue an Order **GRANTING** relief in the Instant Case.

Respectfully Submitted,

*[signature]*
Byron Knox, PRO SE
Reg. No. 13713-058  Durham-A
Low Security Correctional Institution
P.O. Box 999
Butner, NC 27509-0999

12

In The United States District Court
For The Eastern District Of North Carolina
Raleigh Division

Byron Knox,  )
    Petitioner,  )
              )
v.  ) Case No. _____
              )
Warden Joyce K. Conley,  )
    Respondent.  )
             /

## Certificate Of Service

I, Byron Knox, the Petitioner herein, hereby certify that on this 20 day of February [December], 2006, a true and correct copy of the foregoing Memorandum Of Law In Support Of Motion For Relief Pursuant To 42 U.S.C. §1983 was delivered to Prison Officials for mailing to the parties below by placing same in an envelope with first-class postage prepaid affixed thereto, and addressing to:

    United States District Court       FCI Beckley
    310 New Bern Ave.                     **Attn:** Warden Joyce K. Conley
    Raleigh, NC 27601                      P.O. Box 1280
                                              Beaver, WV 25813

I swear under penalties of perjury that the foregoing statements are true and correct. Executed this 20 day of February [December], 2006.

                                          Respectfully Submitted,

                                          *Byron Knox*
                                          Byron Knox, PRO SE
                                          Reg. No. 13713-058   Durham-A
                                          Low Security Correctional Institution
                                          P.O. Box 999
                                          Butner, NC 27509-0999