IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

BRYON JOSEPH KNOX,

          Plaintiff,

v.                                      CIVIL ACTION NO. 5:06-cv-00225

WARDEN JOYCE K. CONLEY,

          Defendant.

**JUDGMENT ORDER**

By Standing Order entered on July 21, 2004, and filed in this case on March 27, 2006, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation (PF&R). Magistrate Judge VanDervort filed his PF&R on August 8, 2007 [Docket 22]. In that filing, the magistrate judge recommended that this Court grant Defendant's Motion to Dismiss [Docket 13], dismiss this case without prejudice, and remove this matter from the Court's active docket.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and Plaintiff's right to appeal this Court's Order. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge VanDervort's PF&R were

due by August 24, 2007, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). To date, no objections have been filed.

Accordingly, the Court **ADOPTS** Magistrate Judge VanDervort's recommendation. The Court hereby **GRANTS** Defendant's Motion to Dismiss [Docket 13], and **DISMISSES** this case with prejudice.[*] The Court **DIRECTS** the Clerk to remove this action from the Court's active docket, and to send a certified copy of this Judgment Order to all counsel of record, Plaintiff, *pro se*, and Magistrate Judge VanDervort.

ENTER: August 29, 2007

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[*] The Court notes that although the magistrate judge recommended that this case be dismissed without prejudice, because Plaintiff's claim is barred by the statute of limitations, dismissal operates as an adjudication upon the merits. *See Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1180 (4th Cir. 1989).